NOT DESIGNATED FOR PUBLICATION

Nos. 118,429
118,430
118,431

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILLIAM EDWARD BENNETT JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Linn District Court; TERRI L. JOHNSON, judge. Opinion filed April 20, 2018. Affirmed in part and dismissed in part.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM:  William Edward Bennett Jr., appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentences in three separate cases. We granted Bennett's motion for summary disposition in lieu of briefs pursuant to Kansas Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State has filed no response.

In 06CR96, Bennett pled guilty to one count of nonresidential burglary. The district court sentenced Bennett to 27 months' imprisonment and granted probation for 24 months. In 06CR97, Bennett pled guilty to one count of nonresidential burglary and two counts of felony theft. The district court imposed a controlling sentence of 27 months'

1

imprisonment and granted probation for 24 months. In 06CR104, Bennett pled guilty to one count of residential burglary. The district court sentenced Bennett to 21 months' imprisonment and granted probation for 24 months. The district court ordered the sentences in all three cases to run consecutive for a controlling term of 75 months' imprisonment with 24 months' probation.

The record reflects a long history of probation violations in all three cases. At a hearing on August 3, 2017, Bennett stipulated to violating the conditions of his probation by failing to report to his probation officer as directed and by failing to make required payments. Citing the fact that Bennett was now appearing for his fourth probation revocation proceeding and had received numerous intermediate sanctions, including a 120-day sanction, the district court found that Bennett was no longer suitable for probation and imposed the controlling prison sentences. The journal entry reflects that the district court revoked probation upon making a public safety or offender welfare finding. Bennett timely appealed and the cases have been consolidated on appeal.

On appeal, Bennett claims the district court "abused its discretion by imposing the prison sentence when additional sanctions remained available." However, Bennett acknowledges that the district court may forego further sanctions when the court finds that probation no longer serves the defendant's welfare.

The procedure for revoking a defendant's probation is governed by K.S.A. 2017 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A

2

district court abuses its discretion by committing an error of law in the application of K.S.A. 2017 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

Here, Bennett was appearing before the district court on his fourth probation violation. Because the district court already had imposed graduated sanctions for Bennett's prior violations of his probation, including a 120-day sanction for the most recent violation, the district court had statutory authority to revoke Bennett's probation and impose the underlying sentence. See K.S.A. 2017 Supp. 22-3716(c)(1)(E). Also, the journal entry reflects that the district court revoked Bennett's probation after finding that the safety of the members of the public would be jeopardized or that the welfare of the offender would not be served by imposing additional intermediate sanctions. See K.S.A. 2017 Supp. 22-3716(c)(9). Bennett does not challenge the sufficiency of this finding on appeal. The district court's decision to revoke Bennett's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Bennett has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve his underlying prison sentences.

Finally, Bennett claims the district court "erred in imposing a greater penalty by scoring a criminal history of 'C' that was not charged in the complaint and proven to a jury beyond a reasonable doubt." However, Bennett did not timely appeal his original sentences, which were imposed on July 28, 2006. See K.S.A. 2017 Supp. 22-3608(c); *State v. Inkelaar*, 38 Kan. App. 2d 312, 317-18, 164 P.3d 844 (2007) (defendant's notice of appeal was timely only as to his probation revocation and not as to his original sentence), *rev. denied* 286 Kan. 1183 (2008). Because Bennett did not timely appeal his sentences, this court lacks jurisdiction to address his sentencing issue. But even if we had jurisdiction to address the issue, we note that our Supreme Court has resolved this issue contrary to Bennett's position in *State v. Ivory*, 273 Kan. 44, 47, 41 P.3d 781 (2002).

3

Affirmed in part and dismissed in part.